UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE D. NADIN,[1]

    Plaintiff,

v.                                  CASE No.  8:04-CV-2518-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails to analyze properly the plaintiff's mental impairment, the decision will be reversed and the matter remanded for further consideration.

I.

---

[1] The plaintiff's last name is misspelled as "NADINE" in the transcript's case caption.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

The plaintiff, who was fifty-eight years old at the time of the administrative hearing (although she said she was fifty-seven (Tr. 350)) and who has a high school education, has worked as the owner and sales manager of a mobile home company and as a sales representative for a window and siding manufacturer (Tr. 67). She filed claims for Social Security disability benefits and supplemental security income, alleging that she became disabled due to lupus, chronic obstructive pulmonary disorder, and rheumatoid arthritis (Tr. 66). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffered from severe impairments of lupus, osteoarthritis, chronic obstructive pulmonary disease, depressive disorder, and bronchitis (Tr. 24, ¶3). The law judge concluded that these impairments limited the plaintiff to light work that required only occasional climbing, balancing, stooping, kneeling, crouching and crawling, and did not involve temperature extremes or extreme concentrations of fumes, odors, dusts and gases (Tr. 25, ¶7). The law judge determined that these limitations precluded the plaintiff from engaging in her past relevant work (id. at ¶8). However, based on the testimony of a vocational expert, the law judge concluded that jobs existed in the national

economy that the plaintiff could perform, such as a convenience store clerk, a restaurant hostess, or a teacher's aide (Tr. 23). Accordingly, the law judge found that the plaintiff was not disabled (Tr. 25, ¶13). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that she became disabled before her insured status expired on March 31, 2001, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy

itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff, among other things, suffered from a severe depressive disorder, at least at some point during the period under consideration. The plaintiff argues that the law judge "fail[ed] ... to adequately consider the effects of the Plaintiff's mental impairments" in determining her residual functional capacity (Doc. 18, p. 12).

A severe mental impairment is one that "significantly limits [a claimant's] ... mental ability to do basic work activities." 20 C.F.R. 404.1520(c), 416.920(c). The law judge, however, did not include any functional limitation due to the plaintiff's depression in his finding of a residual functional capacity. Thus, the law judge inconsistently found that the plaintiff's depressive disorder significantly affected her ability to work, but did not impose any functional limitations on that ability.

This inconsistency may be a reflection of the law judge's failure to follow the analytical technique set out in the regulations for evaluating mental impairments. Where, as here, a claimant has a mental impairment, the regulations set out "a special technique" that must be followed at each level

of the administrative review process. 20 C.F.R. 404.1520(a), 416.920a(a). That special technique requires that a claimant's functional limitations be rated in four broad functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decomposition. 20 C.F.R. 404.1520a(c)(3), 416.920a(c)(3). The first three areas are to be rated on a scale of none, mild, moderate, marked, and extreme, and the fourth area is to be rated on a scale of none, one or two, three, and four or more. 20 C.F.R. 404.1520a(c)(4); 416.920a(c)(4). This evaluation, moreover, is to be made before it is determined whether the claimant has a severe or nonsevere mental impairment. 20 C.F.R. 404.1520a(d), 416.920a(d).

The plaintiff argues that the law judge did not comply with these requirements because he did not prepare a Psychiatric Review Technique Form ("PRTF") (Doc. 18, pp. 6-8). The Commissioner responds that in 2000 the regulations were amended to eliminate any requirement that a law judge attach a PRTF to the decision (Doc. 19, p. 4). While this response is correct, it is insufficient to establish compliance with the regulations in this case.

While a law judge is no longer required to attach a PRTF to the decision, he or she is still required to apply the "special technique" and to

incorporate the pertinent findings in the decision. 20 C.F.R. 404.1520a(e)(2), 416.920a(e)(2). The regulations expressly state that "[t]he decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section," which are activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id.

The decision in this case clearly did not comply with these requirements of the regulations. Thus, there was no mention of the areas of activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, and certainly no rating of the plaintiff's functional limitations in those areas. Moore v. Barnhart, 405 F.3d 1208, 1213-14 (11th Cir. 2005) establishes that the failure to comply with the regulations in this respect constitutes reversible error.

In light of this conclusion, it is unnecessary to address the plaintiff's other contentions, although it is noted that the issue concerning the posthearing submission from Dr. Edgard Janer will be mooted by the remand. Moreover, it is appropriate to mention the plaintiff's complaint that the law judge did not evaluate the opinions of Dr. Thomas A. DiGeronimo, since any such deficiency could be remedied on remand.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED, and the matter is REMANDED for further proceedings.  The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 15th day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE